IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LEON THOMAS, #04362-095**                          **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO. 5:07-cv-112-DCB-MTP**

**CONSTANCE REESE, Warden FCI-Yazoo City**                          **RESPONDENT**

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner was an inmate at the Federal Correctional Institute, Yazoo City, Mississippi, when he filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. According to Petitioner's notice of a change of address [4] filed June 12, 2007, he has been transferred to a federal prison camp in Pensacola, Florida.

Background

Petitioner pled guilty to and was convicted of possession with intent to distribute cocaine and cocaine base by the United States District Court for the Middle District of Louisiana. On October 5, 2005, Petitioner was sentenced to serve sixty- months imprisonment within the Bureau of Prisons.

Petitioner is claiming that the Bureau of Prisons has failed to correctly credit his sentence under 18 U.S.C. § 3585(b). Petitioner alleges that he is entitled to a sentence credit of eighty-nine days for time he spent in state custody based on a federal detainer. Petitioner is requesting that this Court order the Bureau of Prisons to award him a sentence credit of eighty-nine days, which will result in an earlier release from incarceration.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992).  This Court finds that Petitioner Thomas is clearly attacking the execution of his sentence and has properly filed this petition pursuant to 28 U.S.C. § 2241.  As stated above, at the time the Petitioner filed the instant habeas petition, he was housed in the Federal Correctional Institute in Yazoo City, Mississippi, which is located in the Southern District of Mississippi.  However, since that time he has been transferred to a prison camp which is no longer within the jurisdiction of this Court.

Title 28 U.S.C. § 2241 states "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  The Petitioner's present custodian, the Warden of the federal prison camp in Pensacola, Florida, is not within this Court's jurisdiction.  "[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."  *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001)(*citing Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999)("The district court likewise lacked jurisdiction to entertain Hooker's pleading as a § 2241 petition: Such a petition must be filed in the district where the prisoner is incarcerated.  As Hooker is incarcerated in Talladega, Alabama, only the district court for the Northern District of Alabama would have jurisdiction to entertain his § 2241 petition."));  *Story v. Collins*, 920 F.2d 1247,1251 (5th Cir.1991)("If the petitioner is a federal prisoner, . . . the district court still must have jurisdiction over the prisoner or his custodian [to invoke the jurisdictional basis of § 2241].").

Because Petitioner is housed in a district where this Court does not have the "authority to

direct the actions of the restraining authority" this Court no longer has jurisdiction to address the constitutional issues presented by Petitioner as they relate to the execution of his sentence. *Lee,* 244 F.3d at 374 (*quoting Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494 -95 (1973)("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Consequently, Petitioner Thomas cannot maintain this § 2241 habeas petition in this Court, but must pursue such a challenge to the execution of his sentence in the district of his confinement, which is currently the United States District Court for the Northern District of Florida.

## Conclusion

As stated above, this Court does not have jurisdiction to entertain Petitioner's challenge to the execution of his sentence pursuant to 28 U.S.C. § 2241 because he is not incarcerated, nor is his custodian located, within this judicial district. As such, this petition will be dismissed, with prejudice for this Court's lack of jurisdiction and without prejudice in all other respects. *See Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir.2000).

SO ORDERED this the __12th__ day of July, 2007.

                                               s/ David Bramlette
                                             UNITED STATES DISTRICT JUDGE